IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LYNN GRAM,                                                          OPINION AND ORDER

                     Plaintiff,                                           16-cv-716-bbc
      and

SECURITY HEALTH PLAN,

                     Involuntary Plaintiff,

      v.

TARGET CORPORATION and LADC COMPANIES, INC.,

                     Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Plaintiff Lynn Gram brought this lawsuit in Wisconsin state court, alleging that defendants Target Corporation and LADC Companies, Inc., negligently failed to maintain the sidewalk at a Target store in reasonably safe condition, thus causing her to sustain serious slip-and-fall injuries on two occasions in November 2014 and January 2016. Both alleged incidents occurred at the Target store in Superior, Wisconsin, the city in which plaintiff resides. After she filed the case in the Circuit Court for Douglas County, defendants removed it to this court under 28 U.S.C. § 1441 on November 1, 2016. Dkt. #1. They have shown that removal of this action is proper under §1441(b) and that this court has subject matter jurisdiction under 28 U.S.C. § 1332, because there is complete diversity of citizenship between plaintiffs and defendants and the amount in controversy exceeds $75,000. Id. at ¶¶ 1-2, 7-10.

The evidence is sufficient to show that both defendants are citizens of Minnesota and that plaintiff and involuntary plaintiff Security Health Plan are citizens of Wisconsin. Id. Although defendants also allege that plaintiff "is a resident of Minnesota," id. at ¶ 8, this is a mistake, because plaintiff's complaint states that she has resided at all times at 2418 Oakes Avenue, Superior, Wisconsin, 54880. Dkt. #1-1, at ¶¶ 1-2. I am satisfied that this court has jurisdiction, but defendants are free to file an amended notice of removal if they wish to do so.

Now before the court is plaintiff's motion to transfer this case to the District of Minnesota under 28 U.S.C. § 1404(a). Dkt. #12. Because plaintiff has not demonstrated that the District of Minnesota is clearly more convenient or that such transfer would serve the interests of justice, I am denying the motion.

OPINION

Either party in a case may move for a change of venue under 28 U.S.C. § 1404(a). "In the Seventh Circuit, transfer is proper where the moving party demonstrates that: (1) venue is proper in the transferor district; (2) venue and jurisdiction are proper in the transferee district; and (3) the transfer will serve the convenience of the parties, the convenience of the witnesses, and the interests of justice." Kimberly-Clark Worldwide, Inc. v. First Quality Baby Products, LLC, No. 14-cv-502-wmc, 2014 WL 6612881, at *2 (W.D. Wis. Nov. 20, 2014) (citing Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219–20 (7th Cir. 1986)). The moving party "has the burden of establishing, by reference

2

to particular circumstances, that the transferee forum is *clearly* more convenient." Coffey, 796 F.2d at 219–20 (emphasis added). In weighing the relevant factors under § 1404(a), the broad statutory language "permits a 'flexible and individualized analysis' and affords district courts the opportunity to look beyond a narrow or rigid set of considerations in their determinations." Research Automation, Inc. v. Schrader-Bridgeport International, Inc., 626 F.3d 973, 978 (7th Cir. 2010) (quoting Stewart Organization, Inc. v. Ricoh Corporation, 487 U.S. 22, 29 (1988)).

Initially, plaintiff did not submit a brief or legal arguments supporting her motion to transfer, dkt. #12, but after defendants opposed that motion, she filed a short reply brief, dkt. #24, in which she neither establishes that venue or jurisdiction would be proper in the District of Minnesota nor addresses the interests of justice, but simply asserts that factors of convenience favor transfer.

### A. Convenience of Parties and Witnesses

Plaintiff contends that convenience favors transfer because the District of Minnesota courts are much closer to her home, the place of her injury and the places of her medical treatments and records. Dkt. #24, at 2-3. (Superior, WI is approximately 325 miles northwest of Madison. It is directly adjacent to Duluth, MN, and is approximately 150 miles from the Twin Cities.) Additionally, plaintiff points out that both defendants are citizens of Minnesota, with their principal locations in that state, which she says demonstrates that transfer would be convenient for them as well.

3

Ordinarily, when a defendant seeks a change of venue, the court's analysis under § 1404(a) begins with deference to the plaintiff's choice of forum. In re National Presto Industries, Inc., 347 F.3d 662, 663-64 (7th Cir. 2003); see also Kimberly-Clark, 2014 WL 6612881, at *2. However, in this case plaintiff's original choice of forum was Wisconsin state court, specifically the Circuit Court in Douglas County, where plaintiff lives and where both of the alleged slip-and-fall incidents occurred. Defendants removed the action to this court and *plaintiff* is the moving party now seeking transfer to the District of Minnesota. One could suppose that if that court were truly plaintiff's preferred choice of forum, assuming venue and jurisdiction were proper, she could have filed suit there in the first place. At this stage, plaintiff's latest preference is entitled to little deference, and I must evaluate her arguments for transfer on their legal and factual merits. While plaintiff herself may have an easier time traveling to court in the District of Minnesota, that alone does not make that venue "clearly more convenient." Coffey, 796 F.2d at 219–20. See, e.g., Cree, Inc. v. Honeywell International, Inc., No. 14-cv-737-wmc, 2015 WL 1326414, at *3 (W.D. Wis. Mar. 25, 2015); PKWare, Inc. v. Meade, 79 F. Supp. 2d 1007, 1019 (E.D. Wis. 2000) (300 miles between party's location and district court is "not a great distance in today's world," and desire to reduce such travel is not a sufficient basis for transfer).

Convenience to the parties and witnesses under § 1404(a) is often about proximity to material sources of proof. Kimberly-Clark, 2014 WL 6612881, at *3. In evaluating convenience, "courts generally consider the availability of and access to witnesses, and

each party's access to and distance from resources in each forum. Other related factors include the location of material events and the relative ease of access to sources of proof." Research Automation, 626 F.3d at 978 (internal citations omitted). However, both this court and the Court of Appeals for the Seventh Circuit have also recognized that modern technology renders the physical location of documents, witnesses, and other sources of proof only "minimally important in the transfer analysis." Cree, 2015 WL 1326414, at *3; Wisconsin Alumni Research Foundation v. Medimmune, LLC, No. 14-cv-165-jdp, 2014 WL 6389583, at *3 (W.D. Wis. Nov. 14, 2014) (citing Board of Trustees, Sheet Metal Workers' National Pension Fund v. Elite Erectors, Inc., 212 F.3d 1031, 1037 (7th Cir. 2000)).

Plaintiff contends that "the convenience of . . . witnesses is promoted by transferring the action to Minnesota for trial," dkt. #24 at 3, but she has not identified any particular witnesses or provided any other specific information to support that conclusion. Compare Generac Corporation v. Omni Energy Systems, Inc., 19 F. Supp. 2d 917, 923 (E.D. Wis. 1998) ("As for convenience of parties and witnesses, it is clear that a movant '[is] obligated to clearly specify the key witnesses to be called' and to submit something 'in the way of affidavits, depositions, stipulations, or any other type of document containing facts tending to establish who (specifically) it planned to call or the materiality of that testimony.'") (quoting Heller Financial, Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1293–94 (7th Cir. 1989)). Plaintiff asserts generally (and her counsel avers in a sworn declaration) that her health care providers and medical records

5

relating to her injuries from the slip-and-fall incidents are located in Duluth or otherwise within a few miles of Minnesota. However, she does not identify what specific sources of proof (what witnesses, documents, etc.) she plans to rely on, nor does she explain why they are important or why they cannot be transported without great difficulty for any trial or court proceedings in the Western District of Wisconsin.

Finally, plaintiff argues that defendants will also benefit from the transfer because they and their lawyers are located in Minnesota. However, just as a plaintiff opposing a motion to transfer venues "is entitled to disregard its *own* inconvenience in favor of other factors when choosing a forum," it is reasonable that defendants here should receive the same consideration. Kimberly-Clark, 2014 WL 6612881, at *4 (citing U.S. Water Services, Inc. v. Novozymes A/S, 25 F. Supp. 3d 1088, 1091-92 (W.D. Wis. 2014)).

Although plaintiff's own convenience may favor transferring this action to the District of Minnesota, in view of all of the relevant considerations, I conclude that she has not met her "burden of establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient." Coffey, 796 F.2d at 219–20.

## B. Interests of Justice

The "interest of justice" inquiry under § 1404(a) "relates to the efficient administration of the court system" and "may be determinative, warranting transfer or its denial even where the convenience of the parties and witnesses points toward the opposite result." Research Automation, 626 F.3d at 978 (citing Coffey, 796 F.2d at

6

220–21)). In considering the public interests involved, courts look to factors such as docket congestion, speed and efficiency in each venue; each court's relative familiarity with the applicable law; "the respective desirability of resolving controversies in each locale"; and "the relationship of each community to the controversy." Id.

Plaintiff has not addressed any of these public issues relevant to the "interest of justice" analysis. Although the events giving rise to this suit occurred in her hometown and Superior is closer to Duluth and the Twin Cities than it is to Madison, plaintiff ignores the fact that the events occurred *in Wisconsin*, within the jurisdiction of the Western District. Wisconsin thus has a stronger connection to this case than Minnesota, a factor that weighs against transfer. See, e.g., Leader v. Unum Life Insurance Company of America, 16-cv-027-jdp, 2016 WL 1559187, at *3 (W.D. Wis. 2016) (finding it more desirable to resolve a dispute in a particular forum because a plaintiff's "home state has a substantial interest in affording her redress for wrongs that she has suffered there"). Moreover, this dispute is governed by Wisconsin state law. Although a Minnesota court is fully capable of applying Wisconsin law, it would be easier for a Wisconsin court to do so because of its greater experience in doing so. Coffey, 796 F.2d at 221 ("In a diversity action it is also considered advantageous to have federal judges try a case who are familiar with the applicable state law."); PKWare, 79 F. Supp. 2d at 1020 ("Wisconsin law governs the state law claims in the case. While a district court in Ohio could surely apply Wisconsin law, this court is likely to be more familiar with it."). In short, this is a

Wisconsin-based dispute. I agree with defendants that the interests of justice do not support transfer to the District of Minnesota.

ORDER

IT IS ORDERED that

1. Plaintiff Lynn Gram's motion to transfer this case to the District of Minnesota, dkt. #12, is DENIED.

Entered this 31st day of March, 2017.

BY THE COURT:

/s/
BARBARA B. CRABB
District Judge